Sean J. McCaffity
State Bar No. 24013122
SOMMERMAN, MCCAFFITY
& QUESADA, LLP
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX   75219
Phone: 214/720-0720
Fax: 214/720-0184
Email: SMcCaffity@textrial.com

Attorneys for Plaintiffs

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>STEPHEN C. JENKINS,<br>*aka* Steve Jenkins,<br>*fdba* Steve Jenkins Construction Co.,<br>*fdba* 3 Point Construction LLC<br>*fdba* Steve Jenkins Remodeling,<br><br>DEBTOR. | § § § § § § § § § § § | Case No. 17-42482-rfn-7 |
| JAMES DARE AND MARY N. DARE,<br><br>PLAINTIFFS,<br><br>v.<br><br>STEPHEN C. JENKINS<br><br>DEFENDANT. | § § § § § § § § § § § § § | Adversary No. 18-04066-rfn |

### APPENDIX IN SUPPORT OF
### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

1

Dated:    May 18, 2018.

>Respectfully submitted,
>
>**SOMMERMAN, MCCAFFITY**
>**& QUESADA, L.L.P.**
>
>*/s/ Sean McCaffity*
>Sean McCaffity
>State Bar No. 24013122
>3811 Turtle Creek Boulevard, Suite 1400
>Dallas, Texas 75219
>214/720-0720 (Telephone)
>214/720-0184 (Facsimile)
>smccaffity@textrial.com

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have elected to receive electronic service, which will accordingly be accomplished automatically upon filing hereof.

>*/s/ Sean McCaffity*
>Sean McCaffity

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of May, 2018, a true and correct copy of the following was served on the following via Certified Mail, Return Receipt Requested.

John E. Leslie
John Leslie PLLC
1805 West Park Row Dr., Ste. C
Arlington, TX   76013

>*/s/ Sean McCaffity*
>Sean McCaffity

## **TABLE OF CONTENTS**

| TAB | DESCRIPTION | APPENDIX PAGE RANGE |
|---|---|---|
| 1. | Cause No. 153-286874-16; Final Default Judgment | 5 – 6 |
| 2. | Cause No. 153-286874-16; Plaintiffs' Original Petition | 8 - 12 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

# TAB 1.

CAUSE NO. 153-286874-16

| | | |
|---|---|---|
| JAMES DARE AND MARY N. DARE § | | IN THE DISTRICT COURT |
| Plaintiffs, § | | |
| vs. § | | TARRANT COUNTY, TEXAS |
| STEPHEN C. JENKINS § | | |
| Defendant. § | | 153rd JUDICIAL DISTRICT |

**FINAL DEFAULT JUDGMENT**

On September 30, 2016, Plaintiffs moved for default judgment after Defendant Stephen C. Jenkins failed to file an Answer in this case. A hearing on Plaintiffs' Motion for Default Judgment was held on December 16, 2016. Plaintiffs appeared through their attorney. Defendant, having been duly served with citation and a copy of Plaintiffs' Petition, did not appear and answer.

At the hearing, the Court determined that it had jurisdiction over the subject matter and parties in this proceeding, and determined that citation and proof of service were on file for at least ten (10) days before the Motion for Default Judgment was filed. After considering the pleadings, the papers on file in this case, and the evidence presented on liability and damages, the Court grants Plaintiffs' Motion for Default Judgment. The Court renders judgment for Plaintiffs, and orders that they recover from Defendant:

(a) Actual damages in the amount of $17,486.72;

(b) Prejudgment interest of $324.74 on the amount of $17,486.72 from the date of August 5, 2016, the date Plaintiff's Original Petition was filed, until December 15, 2016, the day preceding judgment, at the rate of 5%.

(c) Court costs;

(d) Post-judgment interest on all of the above at the rate of 5%, compounded annually, from the date this Judgment is entered until all amounts are paid in full. Tex. Fin Code 304.004.

FINAL DEFAULT JUDGMENT                                                                                          Page 1

(e) It is ordered that all writs and processes for the enforcement and collection of this judgment may be issued as necessary. It is ordered that all relief not expressly granted herein is denied. This Judgment finally disposes of all claims and all parties.

The Court orders execution issued for this Judgment.

Signed this 16th day of December, 2016.

_____
JUDGE PRESIDING

A CERTIFIED COPY
ATTEST: 5-18-18
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
JENNIE THOMAS

# TAB 2.

FILED
TARRANT COUNTY
8/5/2016 10:07:45 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 153-286874-16 _____

| | | |
|---|---|---|
| JAMES DARE AND MARY N. DARE | § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | TARRANT COUNTY, TEXAS |
| STEPHEN C. JENKINS | § § | |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME James Dare and Mary N. Dare, and file their Plaintiffs' Original Petition complaining of Stephen C. Jenkins (hereinafter referred to as "Defendant"), and would respectfully show unto the Court as follows:

**1.00  DISCOVERY CONTROL PLAN**

Pursuant to Rule 190 *et seq* of the Texas Rules of Civil Procedure, Plaintiffs request a Level II discovery control plan.

**2.00  REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendant to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding party to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

**3.00  PARTIES**

3.01.  Plaintiff James Dare is an individual who resides in Tarrant County, Texas. The last three digits of his Texas driver's license number are 176.



3.02    Plaintiff Mary N. Dare is an individual who resides in Tarrant County, Texas. The last three digits of her Texas driver's license number are 053.

3.02.    Defendant Stephen C. Jenkins is an individual who resides in Tarrant County, Texas, and may be served by serving him at 1709 Tremont Ave., Fort Worth, Texas, or wherever he may be found.

**4.00    VENUE AND JURISDICTION**

4.01    Venue in this case is proper in Tarrant County, Texas, as the fact giving rise to these causes of action occurred in Tarrant County and, further, Stephen C. Jenkins resided in Tarrant County, Texas at the time these causes of action arose.

4.02    This Court has subject matter jurisdiction over the case, because the amount in controversy, exclusive of interest and costs, is in excess of the minimum jurisdictional limits of this Court. Pursuant to Tex. R. Civ. P. 47(c), Plaintiffs seek monetary relief of $100,000.00 or less, and all other relief to which they may be justly entitled.

**5.00    FACTS**

Stephen C. Jenkins advertised a house for sale which he claimed had an aerobic treatment on-site sewer facility. Mr. Jenkins represented that the aerobic treatment facility was approximately 8 years old, and listed a particular "plumbing and septic" installer who placed the system. Relying on Mr. Jenkins' advertisement, promises, and representations, James and Mary Dare purchased the house to use as their family home. The Dare family discovered several months after moving into their home that there, in fact, was no aerobic treatment facility for their new home.

**6.00    CAUSES OF ACTION**

PLAINTIFFS' ORIGINAL PETITION- Page 2



6.01    The conduct described above give rise to a number of causes of action. To the extent it is necessary to do so, Plaintiffs plead the following claims in the alternative:

6.02    The conduct of Stephen C. Jenkins constitutes actual fraud by misrepresentation. The information about the on-site sewer facility was a promise made by Mr. Jenkins to induce the Dare family to purchase the home. Jenkins knew at the time that the Dare family was relying on his assurance and promise, and also knew that his assurance was false, and that the promise could not be kept. This is an actionable misrepresentation in that the representation that there was an on-site sewer facility on the property consisting of an aerobic treatment facility was made with (1) knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion; and (2) with the intention that it should be acted on by the Dare family. In fact, the Dare family relied on such misrepresentations and suffered injury as a result.

6.03    In the alternative, the conduct and misconduct of Mr. Jenkins described above constitutes actual fraud by non-disclosure. He knew that the promise of an aerobic treatment facility as part of an on-site sewer facility would not be fulfilled and knew that the Dare family would unknowingly acquire property with a non-functioning sewer treatment system.

6.04    The conduct described above constitutes Statutory Fraud. Mr. Jenkins made a false promise to sell to the Dare family a property which had a working on-site sewer facility providing aerobic treatment. That promise was material, and when he made the promise, Mr. Jenkins was actually aware that the property lacked such a functional system. Mr. Jenkins made the promise for the purpose of inducing the Dare family to enter into a contract, and the family relied on this promise in purchasing the property from Mr. Jenkins. Mr. Jenkins had actual awareness of the falsity of such statement.

6.05    Stephen C. Jenkins made one or more negligent misrepresentations upon which the Dare family justifiably relied. Mr. Jenkins made a representation concerning the aerobic treatment facility; such representation was made in the course of Mr. Jenkins' business or in a transaction in which he had a pecuniary interest; the representation supplied false information for the guidance of the Dare family in their business, and Mr. Jenkins did not exercise reasonable care or competence in obtaining or communicating the information about the aerobic treatment facility to the Dare family. In this connection, Mr. Jenkins made representations which he knew, or which he should have known, were false.

**7.00    DAMAGES TO PLAINTIFFS**

The above acts and omissions were a proximate cause and a producing cause of the Plaintiffs' injuries and damages. As a result of the conduct and misconduct of Stephen C. Jenkins, the Dare family has suffered damages, including:

7.01    Reasonable and necessary costs to remove, repair and replace the system with an actual and functional aerobic tank system;

7.02    Actual damages in connection with the purchase of the house; and

7.03    Reasonable and necessary attorneys' fees, and other related litigation costs.

Plaintiffs seek damages within the jurisdictional limits of this Court.

**8.00    CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiffs seek all lawful pre-judgment and post-judgment interest on the damages suffered by them.

**9.00    JURY DEMAND**

Plaintiffs request that a jury be convened to try the factual issues in this cause.

**10.00    RELIEF REQUESTED**



WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiffs have judgment against the Defendant for damages described herein, for cost of suit, interest from the date of the incident and for such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

SOMMERMAN, MCCAFFITY & QUESADA, L.L.P.

*/s/ George (Tex) Quesada*

George (Tex) Quesada
State Bar No. 16427750
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
817/509-0131 (Telephone)
214/720-0184 (Facsimile)
Quesada@textrial.com

ATTORNEYS FOR PLAINTIFFS

A CERTIFIED COPY
ATTEST: 5-18-18
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: *[signature]*
DEPUTY
JENNIE THOMAS

PLAINTIFFS' ORIGINAL PETITION- Page 5