George (Tex) Quesada
State Bar No. 16427750
Sean J. McCaffity
State Bar No. 24013122
SOMMERMAN, MCCAFFITY
& QUESADA, LLP
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Phone: 214/720-0720
Fax: 214/720-0184
Email: SMcCaffity@textrial.com

Attorneys for Plaintiffs

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>STEPHEN C. JENKINS,<br>*aka* Steve Jenkins,<br>*fdba* Steve Jenkins Construction Co.,<br>*fdba* 3 Point Construction LLC<br>*fdba* Steve Jenkins Remodeling,<br><br>DEBTOR. | § § § § § § § § § § § | Case No. 17-42482-rfn-7 |
| JAMES DARE AND MARY N. DARE,<br><br>PLAINTIFFS,<br><br>v.<br><br>STEPHEN C. JENKINS<br><br>DEFENDANT. | § § § § § § § § § § § § § | Adversary No. 18-04066-rfn |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on _____, pursuant to Local Rule 16.1 and Federal Rule of Civil Procedure 16.

A. **COUNSEL FOR THE PARTIES**

Plaintiff: George (Tex) Quesada
Sean J. McCaffity
Sommerman, McCaffity & Quesada
3811 Turtle Creek Boulevard
Suite 1400
Dallas, Texas 75219

Defendant: John Leslie
John Leslie PLLC
1805 West Park Row Dr., Ste. C
Arlington, TX 76013

**JURY TRIAL DEMANDED**

B. **STATEMENT OF JURISDICTION**

1. Plaintiff brings this complaint pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 523, 105.

2. Venue in this district and division is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions on which Plaintiffs' claims are based occurred in the Northern District of Texas, Fort Worth Division. Venue is not disputed.

C. **NATURE OF ACTION**

This is a suit based on Plaintiffs allegations that their claims against Defendant are excepted from discharge under Bankruptcy Code §548(a)(2)(A) based upon Defendant's alleged fraud related to the sale of a home to Plaintiff Mary Dare.

D. **CONTENTIONS OF THE PARTIES**

1. <u>Plaintiff's Contentions</u>:

Stephen C. Jenkins advertised a house for sale which he claimed had an aerobic treatment on-site sewer facility. Mr. Jenkins represented that the aerobic treatment facility was approximately 8 years old, and listed a particular "plumbing and septic" installer who placed the

system. Relying on Mr. Jenkins' advertisement, promises, and representations, James and Mary Dare purchased the house to use as their family home. The Dare family discovered several months after moving into their home that there, in fact, was no aerobic treatment facility for their new home. It costs the Dare family approximately $17,486.00 to install an actual aerobic treatment facility. This amount represents the Dare Family out-of-pocket damages that are a direct result of Jenkins's intentional false statements and misrepresentations concerning the sale of real estate. The damage claim is non-dischargeable because it arises directly from the Debtor's obtaining of money for the sale of real estate through false pretenses, misrepresentations and false statements.

2. <u>Defendants' Contentions</u>:

Defendant's position is that there was a complete, operating and fully functioning aerobic septic system serving the home on and before the date on which title to the home passed to Plaintiff Mary Dare. Defendant therefore denies Plaintiffs' contentions that he fraudulently failed to disclose the condition of the house sold to Plaintiff Mary Dare. Defendant further alleges Plaintiff had the house inspected by a licensed, qualified home inspector prior to its sale and that the inspector failed to find (a) that the house lacked an aerobic septic system; or, alternatively (b) that the aerobic septic system was not functioning properly or lacked any necessary parts to function properly or (c) that the condition of the house was not as described by Defendant in the listing or in the contract for sale.

Defendant also alleges that he was not in privity with Plaintiff Mary Dare, that she is an ineligible Plaintiff in this adversary proceeding and that she is not entitled to any relief.

Defendant alleges that the principles of *res judicata* bar Plaintiffs from re-asserting their claims against Defendant, which were fully tried and adjudicated in a final, non-appealable judgment in the Tarrant County 153rd District Court (the "State Court Judgment" ) entered prior to

the Defendant's Chapter 7 case being filed. The State Court Judgment, which was annexed to Plaintiffs' Complaint as an exhibit, contains no findings as to any alleged fraud which may have been committed by Defendant in the sale of the home. Plaintiffs are collaterally estopped from re-litigating their claim of fraud against Defendant when they had every right and opportunity to do so in the action leading to the entry of the State Court Judgment.

Finally, applicable case law provides that Plaintiffs are precluded from any recovery of their attorneys' fees for litigating purse issues of dischargeability under Bankruptcy Code §548. While Plaintiffs may have been able to seek recovery of their attorneys' fees for some portion of their claims under Texas law (eligibility for which Defendant denies), they chose to not do so; none were awarded in the State Court Judgment and Plaintiffs are collaterally estopped from relitigating any such claims.

**E.   STIPULATIONS AND UNCONTESTED FACTS**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 523 and 105 of the United States Code.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

**F.   CONTENTIONS AND CLAIMS FOR DAMAGES**

1. <u>Plaintiff</u>

Stephen C. Jenkins advertised a house for sale which he claimed had an aerobic treatment on-site sewer facility. Mr. Jenkins represented that the aerobic treatment facility was approximately 8 years old, and listed a particular "plumbing and septic" installer who placed the system. Relying on Mr. Jenkins' advertisement, promises, and representations, James and Mary Dare purchased the house to use as their family home. The Dare family discovered several months

after moving into their home that there, in fact, was no aerobic treatment facility for their new home. Instead, there was a tank with a float valve which periodically pumped raw sewage onto the front yard. It costs approximately $17,486.00 to install an actual aerobic system.

    2.    <u>Defendant</u>

Defendant incorporates his contentions made and appearing at Paragraph D.2. above, as though fully set forth at length herein.

**F.    LIST OF WITNESSES**

Pursuant to this Court's rules, each party will submit a separate list of witnesses who (1) will be called to testify at trial; (2) may be called to testify at trial; (3) may be presented by deposition testimony at trial. These lists are being filed separately.

**G.    LIST OF EXHIBITS**

Pursuant to this Court's rules, each party will submit a separate list of exhibits which (1) will be used at trial; (2) may be used at trial. These lists will be provided on the form provided by this Court and will be filed separately.

**H.    LIST OF ANY PENDING MOTIONS**

There are no pending motions at this time.

**I.    PROBABLE LENGTH OF TRIAL**

The parties believe that the trial should take 2 to 4 hours and suggest that each side be allowed 2 hours to put on their case/defense.

**J.    MANAGEMENT CONFERENCE LIMITATIONS**

None.

**L.    CERTIFICATIONS**

The undersigned certify that:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

   (a) is in existence;

   (b) is numbered; and

   (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

/s/ *George (Tex) Quesada*

---

George (Tex) Quesada
State Bar No. 16427750
quesada@textrial.com
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Jody Rodenberg
State Bar No. 24073133
jrodenberg@textrial.com
**SOMMERMAN, MCCAFFITY & QUESADA, L.L.P.**
3811 Turtle Creek Boulevard
Suite 1400
Dallas, Texas 75219
214/720-0720 (Telephone)
214/720-0184 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

/s/ *John Leslie (by permissions)*

---

John Leslie

JOINT FINAL PRE-TRIAL REPORT – PAGE 6

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

(a) is in existence;

(b) is numbered; and

(c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

/s/ George (Tex) Quesada

---

George (Tex) Quesada
State Bar No. 16427750
quesada@textrial.com
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Jody Rodenberg
State Bar No. 24073133
jrodenberg@textrial.com
**SOMMERMAN, MCCAFFITY & QUESADA, L.L.P.**
3811 Turtle Creek Boulevard
Suite 1400
Dallas, Texas 75219
214/720-0720 (Telephone)
214/720-0184 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

/s/ John Leslie (by permission)

---

John Leslie